The opinion of the Court, was delivered by
Whxtneb, J.
This case is analogous in many respects to the cases of Chambers and Frost ads. The Bank of Charleston, *669 in wbicb the judgment of tbe Court bas been already an■nounced.
The points therein ruled need not again be elaborated. This, too, was a case in which a negotiable paper had been transferred as a collateral security, but because of the alleged existence of certain facts which might impeach its validity as between antecedent parties, certain preliminary questions were to be first settled before such defence could avail. Whether the note had been transferred before it fell due, was resolved by the jury in' favor of the plaintiffs. The grounds of appeal challenging the verdict in this particular have not been pressed, and need not, consequently, be now considered.
■ The struggle has been to restrict the verdict to a partial recovery of the sum secured to be paid upon the face of the paper. In the true sense of the rule, as defined in the cases already referred to, the plaintiffs were Iona fide holders for value likewise; and this rested not alone upon the legal presumption that attached, but was ascertained by specific proof; credit was at first refused, but afterwards given to the previous holder on the faith of this note when transferred; partial advances being made at the time, and at different periods subsequently, though each before the note fell due, except the last, and all before actual notice of any matter of impeachment ; the aggregate of such advances transcending the amount of the note now sued upon. On the scrutiny made in reference to these advances before, the jury, the instructions by the presiding Judge were highly favorable to the defendant, for he “ held that such debts only could be used to fix the damages as were contracted on the faith of this note, and by agreement made between Sam Nelson, bearer, and the plaintiffs, before the note fell due.” The verdict of the jury, therefore, settles the question as to any supposed distinction to be made in reference to the precise character of the advances, and as to the understanding of the parties had at the time, or at least before the note fell due.
*670 Tbis third ground, however, complains that this verdict is without evidence to support it as to the whole amount at' least. But it is to be remembered, as in the former cases referred to, the presumptions are in favor of the holder of negotiable paper, and the burden of proof is upon the defendant; it is his misfortune, therefore, if any disputed fact material to the point in issue is not clearly established by the proof. This Court must see that the verdict is against the evidence, before it is disturbed. The last advance being made subsequent to the day on which this note fell due, would seem to fall within the category of the Judge on circuit when he held that “Nelson could not, after the note fell due, though deposited before for a specific debt or purpose, enlarge the office of the note as a collateral security.” But the consideration recognized by the authorities include future as well as past advances ; Story, Prom. Notes, § 195 ; and in the absence of other proof, the presumptioh avails herein also; and surely there is nothing in the evidence to rebut the presumption that this was not within the scope of the agreement previously. Though the case we have may not require an authoritative ruling upon this point, it will at least appear that the objection as to the evidence resting on such distinction derives no aid from the mere fact of an advance after due, under the circumstances.
In looking to the relative rights of the parties, the fact of notice is manifestly the governing principle. Whence the distinction as to negotiable paper transferred before or after due? Specific proof of notice is required in the former, and this because it is indispensable to the security of -commercial transactions. In the latter, no such necessity exists, the dishonor of the paper amounting to an implied notice. In the case we are dealing with, the note was transferred before due, and of course before any dishonor, and the last advance should be likewise protected, for if within the terms of previous stipulations, it is no enlargement of the office of *671 tbe note, and properly within the reason of the rules governing such transactions. There is no pretence of specific notice of any matter of impeachment, and the prima facie title of the plaintiffs to the whole paper must prevail.
The motion for a new trial is dismissed.
O’Neall, Wardlaw, Withers, Glover and Munro, JJ., concurred.

Motion dism,issed.